IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

| | |
|---|---|
| Elwanda Bitner, | ) |
| Plaintiff, | ) Civil Action File No.: |
| v. | ) |
| Audit Systems, Inc., | ) **COMPLAINT WITH** |
| | ) **JURY TRIAL DEMAND** |
| Defendant. | ) |

## PRELIMINARY STATEMENT

This action for damages is based upon the Defendant's overt and intentional, unlawful conduct in the furtherance of its efforts to collect a consumer debt. The Defendant's conduct is in violation of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. 1692 *et seq.* and for violations of the Georgia Fair Business Practices Act (GFBPA), O.C.G.A. 10-1-390 *et seq.*

## PARTIES

1. Plaintiff, Elwanda Bitner, is a natural person who resides in Carroll County, Georgia.

2. Defendant, Audit Systems, Inc., is a corporation formed under the laws of the State of Florida and not registered to do business in Georgia. Defendant may be served with process via its registered agent, William H Horwitz at 1301 Seminole Blvd, Suite 157, Largo, Florida 33770.

## **JURISDICTION AND VENUE**

3. This Court has federal question jurisdiction over Plaintiff's Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, claims pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d). This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4. This Court has personal jurisdiction over Defendant because, *inter alia*, Defendants frequently and routinely conducts business in the State of Georgia, including the conduct complained of herein.

5. Pursuant to 28 U.S.C. § 1391, venue is proper in the Northern District of Georgia because a substantial part of the events or omissions giving rise to the claims occurred in this district.

6. Pursuant to LR 3.1B(3), venue is proper in the Newnan Division because events described herein occurred in Carroll County which is in the Newnan Division.

## FACTUAL ALLEGATIONS

7. Plaintiff is a person allegedly obligated to pay consumer debts arising out of a medical bill and is therefore, a "consumer", as that term is defined by 15 U.S.C. § 1692a(3).

8. Defendant is a collection agency specializing in the collection of consumer debt.

9. Defendant regularly collects, or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, to a third party.

10. Defendant uses interstate commerce and/or mail in its business in the collection of consumer debts.

11. Defendant is, therefore, a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

12. For the last several months, the Plaintiff has been receiving collection calls and written communications from a number of parties, including the Defendant.

13. Plaintiff sent Defendant a letter by registered mail in July of 2021 which stated that she would not be making any payments on the debt which Defendant was attempting to collect from her.

14. According to United States Postal Service tracking number 9171969009350267761178, this letter was received by Defendant on July 30, 2021 at 12:24 pm.

15. Yet, Defendant continued to attempt to collect a debt from Plaintiff by placing collection calls to Plaintiff's telephone on or about August 2, 2021 at 1:46 pm.

16. Defendant's actions caused Plaintiff anxiety and worry due to Defendant's abusive behavior.

17. Defendant's actions constituted an invasion of Plaintiff's privacy.

18. Defendant took time out of her day to seek the advice of counsel regarding the Defendant's collection attempts.

## **INJURIES-IN-FACT**

19. The FDCPA provides consumers with "statutorily-created rights to be free from 'being subjected to false, deceptive, unfair, or unconscionable means to collect a debt.'" *McCamis v. Servis One, Inc.*, No. 8:16-CV-1130-T-30AEP, 2016 U.S. Dist. LEXIS 99492 (M.D. Fla. July 29, 2016); *Church v. Accretive Health, Inc.*, 654 Fed. Appx. 990, 2016 U.S. App. LEXIS 12414, 2016 WL 3611543 (11th Cir. 2016).

20. An injury-in-fact sufficient to satisfy Article III standing requirements "may exist solely by virtue of statutes creating legal rights, the invasion of which creates standing." *Church*, at 993, quoting *Havens Realty Corp. v. Coleman*, 455 U.S. 363, 373, 102 S. Ct. 1114, 71 L. Ed. 2d 214 (1982).

21. Violation of statutory rights are not a "hypothetical or uncertain" injury, but one "that Congress has elevated to the status of a legally cognizable injury through the FDCPA." *McCamis*, at 4, citing *Church*, at 3.

22. Defendant is subjecting Plaintiff to false, deceptive, unfair, and unconscionable means to collect the debt.

23. Defendant's acts and omissions caused particularized harm to the Plaintiff in that she suffered worry and anxiety that she would continue to be harassed by Defendant, and also that she took time to discuss this debt with counsel in response to the collection letters.

24. Accordingly, through the suffering of actual damages and a violation of Plaintiffs' statutorily created rights under the FDCPA, Plaintiffs have suffered an injury-in-fact sufficient to establish Article III standing

## DAMAGES

25. As a result of the Defendant's actions and/or omissions, Plaintiff has suffered actual damages, including but not limited to the following:

a.) Being subjected to false, deceptive, unfair, and unconscionable debt collection practices;

b.) Uncompensated time expended away from work and/or activities of daily living, to confer with counsel regarding the Defendant's collection efforts;

c.) Anxiety and worry due to concerns that she would continue to receive collection attempts on this account; and

d.) Invasion of privacy.

## **CAUSES OF ACTION**

## **COUNT I**

## **VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

## **15 U.S.C. § 1692** *et seq.*

26. Plaintiff incorporates by reference paragraphs 1 through 25 as though fully stated herein.

### *Violations of 15 U.SC. § 1692c and subparts*

27. If a consumer notifies a debt collector in writing that the consumer refuses to pay a debt, the debt collector shall not communicate further with the consumer with respect to such debt.

28.     Defendant had direct and actual knowledge that the Plaintiff was not able to pay on the account, but Defendant continued to communicate with the Plaintiff to attempt to collect payment on the account.

29.     Defendant's collection attempts as described herein violated 15 U.S.C. § 1692c(c).

*Violations of 15 U.SC. § 1692d and subparts*

34.     Defendant's collection attempts to Plaintiff were intended to harass, abuse, embarrass, and intimidate the Plaintiff.

35.     Defendant's conduct violated 15 U.S.C. § 1692d.

36.     As a result of Defendant's violations of the FDCPA, Defendant is liable to Plaintiffs for actual damages as described herein, statutory damages in the amount of $1,000.00, costs of this action and reasonable attorney's fees as determined by the Court as mandated by 15 U.S.C. § 1692k.

## COUNT II

## VIOLATIONS OF THE GEORGIA FAIR BUSINESS PRACTICES ACT

## O.C.G.A. § 10-1-390, *et seq.*

37.     Plaintiff incorporates by reference paragraphs 1 through 36 as though fully stated herein.

38. O.C.G.A. § 10-1-390 *et seq.* is commonly known as the "Fair Business Practices Act of 1975" (the "GFBPA").

39. The purpose of the GFBPA, is to protect consumers from unfair and/or deceptive practices in the conduct of any trade or commerce in part or wholly in the state. O.C.G.A. § 10-1-391.

40. O.C.G.A. § 10-1-391 directs that the GFPBA is to be interpreted and applied liberally and in harmony with the Federal Trade Commission Act, 15 U.S.C. § 45(a)(1), which implements the FDCPA.

41. O.C.G.A. § 10-1-393(a) of the GFBPA broadly prohibits unfair and/or deceptive business practices.

42. Defendant intentionally engaged in unfair and deceptive business practices, as set forth herein, in an effort to collect a consumer debt.

43. Defendant's conduct has implications for the consuming public in general.

44. Defendant's conduct negatively impacts the consumer marketplace.

45. Collecting a debt incurred during a consumer transaction could harm the general consuming public if conducted via deceptive acts or practices and clearly falls within the parameters of the GFBPA. Thus, a violation of the FDCPA

constitutes a violation of the GFBPA. *See 1st Nationwide Collection Agency, Inc. v. Werner*, 288 Ga. App. 457, 459 (2007).

46. Upon information and belief, Defendant does not maintain a place of business in Georgia and has no assets in Georgia, thus relieving Plaintiffs of the Notice and Demand requirements of O.C.G.A. § 10-1-399(b).

47. As a result of Defendant's violations of O.C.G.A. § 10-1-393(a), Plaintiff is entitled to recover general damages pursuant to O.C.G.A. § 10-1-399(a).

48. As a result of Defendant's intentional violations of O.C.G.A. § 10-1-393(a), Plaintiff is entitled to recover exemplary damages pursuant to O.C.G.A. § 10-1-399(a).

49. As a result of Defendant's intentional violations of O.C.G.A. § 10-1-393(a), Plaintiff is entitled to recover treble damages pursuant to O.C.G.A. § 10-1-399(c).

50. Plaintiff is entitled to recover reasonable attorney's fees and expenses of litigation pursuant to O.C.G.A. § 10-1-399(d).

## **TRIAL BY JURY**

51. Plaintiff is entitled to and hereby requests a trial by jury.

WHEREFORE, Plaintiff prays that judgment be entered against Defendant for:

a.)  Plaintiff's actual damages;

b.)  Statutory damages pursuant to 15 U.S.C. § 1692k;

c.)  Reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k ; and

d.)  General, exemplary, and treble damages pursuant to O.C.G.A. § 10-1-399(a) & (c);

e.)  Reasonable attorney's fees and costs pursuant to O.C.G.A. § 10-1-399(d); and

f.)  Such other and further relief as may be just and proper.

Respectfully submitted this 17th day of August, 2021.

**BERRY & ASSOCIATES**
*/s/ Matthew T. Berry*
Matthew T. Berry
Georgia Bar No.: 055663
*matt@mattberry.com*
2751 Buford Highway, Suite 600
Atlanta, GA 30324
Fax (404) 235-3333

*/s/ Chris Armor*
Christopher N. Armor
Georgia Bar No. 614061
P.O. Box 451328
Atlanta, GA 31145
Phone 470-990-2568
Fax 404-592-6102
*chris.armor@armorlaw.com*
Plaintiff's Attorneys